## Case No. 8,807.

McGOWAN v. CHARTER OAK LIFE INS. CO.

[4 Am. Law Rec. 559.]

Circuit Court, N. D. Ohio. 1876.

LIFE INSURANCE — FORFEITURE BY NON-PAYMENT OF PREMIUMS—WAIVER BY GENERAL AGENT—NOTICE.

[1. The acceptance by a general agent of overdue premiums after the policy has become void for want of timely payment thereof, operates as a waiver of the forfeiture, when the insured has no notice of limitations upon such agent's powers, although in fact they are limited by secret instructions forbidding him to receive such premiums.]

[2. Where the original policy and all renewal certificates thereof have upon them clauses notifying the insured that the agent has no authority to receive past-due premiums, and that an attempt to do so would not be binding upon the company, this operates as notice to the insured; and any payments of overdue premiums will not revive the policy, unless known to, and acquiesced in by, the company.]

[3. Where the agent receives the amount of past-due premiums, and merely holds the money until he can write to the home office and get the renewal certificate with instructions, not accepting or intending to accept the premium as paid until the requirements of the company are complied with, and thereafter, on the failure of the assured to fulfill such requirements, returns the money to him, this will not operate as a waiver, even if the agent has full authority.]

[This was an action by Sarah K. McGowan against the Charter Oak Life Insurance Company to recover the amount of a policy on the life of her deceased husband, William McGowan.]

William McGowan, of Steubenville, Ohio, the husband of the plaintiff, had a policy upon his life in the defendant company to the amount of $2,000, which was taken out in 1866. The premium was payable annually on the first day of June. The premium due June 1st, 1868, was not paid until June 28th, 1868, and upon that date was received by the agent of the defendant, without a health certificate. The premium due June 1st, 1873, was not paid when due, and the general agent of the defendant wrote to McGowan, July 9th, 1873, asking him if he desired to renew his policy. McGowan made no reply until August 28th, 1873, when he mailed to the general agent, who lived at Marietta, Ohio, the amount of his premium by New York draft. The draft arrived at Marietta on September 1st, 1873, during the absence of the general agent from town, but a clerk in his office acknowledged the receipt of the draft by letter of same date, saying he wrote merely to acknowledge the receipt, and that when the general agent returned a proper renewal receipt would be forwarded. The general agent did not return until September 5th, 1873, at which time he took the draft and deposited it to his own private account in bank. Meanwhile, on September 1st, 1873, William McGowan had died. The general agent, not aware of this fact, sent to the home office of the defendant company, to have McGowan's renewal receipt forwarded to him, it having been returned to the home office in July, upon failure of McGowan to pay his premium. The home office forwarded the receipt to the general agent, with instructions not to deliver it till McGowan furnished satisfactory evidence of good health. Thereupon the general agent, still ignorant of the fact of McGowan's death, wrote to McGowan enclosing a health certificate for him to sign and return, when his renewal receipt would be sent him. Hearing nothing from this letter on the 1st of October, 1873, the general agent wrote again to McGowan, enclosing the premium sent by him in August. To this letter the plaintiff replied, refusing to receive back the money, except as a credit upon the amount due under the policy, and demanding payment of the policy, which the defendant refused.

Spencer & McCurdy and Mr. Steubenville, for plaintiff.

Willey, Terrell & Sherman and Mr. Cleveland, for defendants.

WELKER, District Judge, charged the jury: 1st. That the policy of insurance, was the contract between the parties by which their rights were to be governed; and that the policy providing that a failure to pay the premium on the day when it became due would render the policy void, the failure to pay the premium due June 1st, 1873, terminated the policy; but, 2d. That this provision of the policy might be waived by the company; and if waived, and the premium was received after due by one having authority, this would revive the policy; and that, in the absence of any notice to the insured to the contrary, the insured had a right to infer that the general agent of the company had authority to waive non-payment of the premium, and by receiving it after due, to renew the policy, and such act

as between the company and the insured would bind the company, notwithstanding the secret instructions to the agent forbade him to exercise such authority; but, 3d. That if at the bottom of the policy, and also on the back thereof, as well as on all renewal receipts given to the insured since his policy began, there were clauses notifying him that the agent of the company had no authority to receive premiums after due, and that an attempt to do so would not be binding upon the company, such clauses were notices to the insured of the limitations of the authority of the agent in respect of receiving premiums, and being notice to the insured, no payment by him of an overdue premium would revive the policy unless known and notified by the company. 4th. That if the agent simply held the amount of the premium until he could write to the home office and get the renewal receipt and instructions, not accepting or intending to accept the premium as paid until the requirements of the company were complied with, and on failure of McGowan to comply with such requirements, the agent returned the premium. This would not be such an acceptance of the premium as would bind the defendant, even had the agent the fullest authority.

Under these instructions the jury returned a verdict for the defendant company.